# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| ROBERT WALLACE and<br>PATTY JO WALLACE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) | No. 09-00775-CV-W-FJG |
| | ) | |
| LAMONT E. TINDALL,<br>WERNER ENTERPRISES, INC.<br>d/b/a WERNER ENTERPRISES, and<br>NORTHLAND INSURANCE COMPANY, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Currently pending before the Court is plaintiffs' Motion to Remand (Doc. # 6).

## I. BACKGROUND

Plaintiffs initially filed their petition in the Circuit Court of Jackson County, Missouri on July 2, 2009. In their initial petition, plaintiffs named only Lamont E. Tindall as a defendant. Tindall was served with the original petition on July 27, 2009. On August 12, 2009, plaintiffs filed their first amended petition, naming as additional defendants, Werner Enterprises Inc. ("Werner") and Northland Insurance Company ("Northland"). Werner was served with a copy of the Amended Petition on August 20, 2009. Northland was served with a copy of the Amended Petition on August 26, 2009. Werner filed a Notice of Removal on September 24, 2009. Northland filed its Notice of Consent to the Removal on September 25, 2009. Defendant Tindall was not served with a copy of the Amended Complaint.

Plaintiffs' petition arises out of an accident involving two tractor trailers.  Plaintiff

Robert Wallace, alleges in his petition that he was driving north on Interstate 55.

Defendant Tindall was also driving north on Interstate 55, but was behind Wallace.

While driving, Wallace observed a vehicle in front of him slam on its brakes.  In order to

avoid striking the vehicle, plaintiff maneuvered his tractor trailer into the median.  As

plaintiff was doing so, defendant Tindall crashed into the rear of Wallace's tractor trailer.

Plaintiffs' petition alleges negligence, negligence per se, and loss of consortium against

defendant Tindall.  Plaintiffs' Amended Complaint alleges Negligence against Werner,

Negligent Hiring, Training, Supervising & Retaining Against Werner, Negligence Per Se

Against Werner, Negligence against Tindall, Negligence Per Se against Tindall, Failure

to Provide Coverage against Northland and loss of consortium by Patty Wallace against

all defendants.  Defendant Tindall is a resident of Missouri.  Werner Enterprises is a

Nebraska corporation, with its principal place of business in Nebraska.  Defendant

Northland Insurance Company is a Minnesota corporation.

## II. STANDARD

It is the defendant's burden to prove that removal is proper and that
all prerequisites are satisfied.  See generally, Hatridge v. Aetna Cas. &
Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969).  The removal statute is to be
narrowly construed, and any doubt about the propriety of removal is
resolved in favor of state court jurisdiction.  Shamrock Oil & Gas Corp. v.
Sheets, 313 U.S. 100, 108-09 (1941);  In re Business Men's Assur. Co. of
America, 992 F.2d 181, 183 (8th Cir. 1993).

Williams v. Safeco Insur. Co. of America, 74 F.Supp.2d 925, 928 (W.D.Mo. 1999).

"Since removal to federal court is a statutory right, and not one granted under the

Constitution, removal jurisdiction must be narrowly construed in favor of the non-

removing party."  Jeffrey Lake Development Inc. v. Central Nebraska Public Power &

2

Irrigation Dist., No. 7:05CV5013, 2005 WL 2563043, *2 (D.Neb. Oct. 11, 2005), citing

Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100,107-09 (1941).

## III. DISCUSSION

Plaintiffs argue that this case should be remanded because the Court lacks

subject matter jurisdiction.  Plaintiffs state that defendant Tindall is a resident of

Missouri and therefore, the action cannot be removed because of the forum defendant

rule.  28 U.S.C. § 1441(b) states:

> Any civil action of which the district courts have original jurisdiction
> founded on a claim or right arising under the Constitution, treaties or laws
> of the United States shall be removable without regard to the citizenship or
> residence of the parties. Any other such action shall be removable only if
> none of the parties in interest properly joined and served as defendants is
> a citizen of the State in which such action is brought.

Plaintiffs state that in the Eighth Circuit the presence of a forum defendant is a

jurisdictional defect which cannot be waived.  Plaintiffs also argue that the Notice of

Removal was procedurally defective because defendant Tindall failed to file a consent

to the removal and also because defendants did not attach the summons and return of

service showing that Tindall was served on July 27, 2009.

Defendants argue that they complied with the procedural requirements, because

28 U.S.C. § 1446(a) only requires the notice of removal to contain "a short and plain

statement of the grounds for removal, together with a copy of all process, pleadings,

and orders served upon such defendant or defendants in such action."  Defendants

argue that Werner attached a copy of the original Petition and First Amended Petition to

the notice of removal and thus it was in compliance with the statute.  Additionally,

defendants argue that they are fully in compliance with the rule of unanimity because

3

Tindall was not served with a copy of the First Amended Petition at the time of removal. Defendants state that unserved defendants do not need to consent in order for the removal to be proper. Finally, defendants argue that the forum defendant rule only applies to "properly joined and served" defendants. Because Tindall has not been properly served with the First Amended Petition, defendants argue that removal was proper at the time the case was removed.

Plaintiffs argue in reply that the "rule of unanimity" requires all defendants who have been served prior to removal to join in the petition or to communicate their consent to the Court. Plaintiffs state that because Tindall was served with a copy of the original Petition, he was still required to consent. Plaintiffs also argue that the forum defendant rule prevents removal because Tindall was properly joined and served. Plaintiffs argue that in Hinkle v. Norfolk Southern Railway Co., No. 4:05CV1867, 2006 WL 2521445 (E.D.Mo. Aug. 29, 2006), the Court stated that citizenship of all named defendants must be considered, regardless of service. The Court in Hinkle stated that "[d]espite the 'joined and served' provision of section 1441(b), the prevailing view is that the mere failure to serve a defendant who would defeat diversity jurisdiction does not permit a court to ignore that defendant in determining the propriety of removal." Id. at * 2.

Thus, the determining factor in this case is whether defendant Tindall was properly served at the time the case was removed on September 24, 2009. Plaintiffs argue that because their Amended Petition did not assert any new claims against defendant Tindall, they were not required to serve him with a copy of their Amended Petition. Plaintiffs state that the Court should be guided by Missouri Supreme Court Rule 43.01(a) which states no service needs to be made on parties who are in default.

4

Plaintiffs' counsel states that he "fails to understand how Defendant's contention that

Defendant Tindall must be served Plaintiffs' First Amended Complaint is relevant."

(Suggestions in Support of Motion to Remand, p. 5).

However, the complete text of Rule 43.01, states:

(a) Service - When Required.  Each affected party shall be served with:
(1) Every pleading subsequent to the original petition;
(2) Every written motion, other than one that may be heard ex parte; and
(3) Every written notice, appearance, demand, offer of judgment, order, and
similar paper that by statute, court rule or order is required to be served.
No service need be made on parties in default for failure to appear, except that
pleadings asserting new or additional claims for relief against them shall be
served upon them in the manner provided for service of summons.

Defendant Tindall was served with plaintiffs' original petition on July 27, 2009.

According to Mo.R.Civ.P. 55.25, "[a] defendant shall file an answer within thirty days

after the service of the summons and petition . . .."  Therefore, Tindall had until August

26, 2009 in which to file his Answer.  Plaintiffs filed their First Amended Petition on

August 12, 2009.  Because Tindall's time to Answer had not yet expired, he was not in

default.  Pursuant to Mo.R.Civ.P. 43.01, each party "shall be served with each pleading

subsequent to the original petition."  Plaintiffs do not explain why they did not serve

Tindall with a copy of their First Amended Complaint.  The issue of service however is

the pivotal issue in this case.  Courts have held that even though a Missouri defendant

is named in a Complaint, if that defendant is not served at the time of removal, the

forum defendant rule does not apply.  In Brake v. Reser's Fine Foods, Inc., No.

4:08CV1879JCH, 2009 WL 213013 (E.D.Mo. Jan. 28, 2009), the Court found that the

Missouri residents had not been served at the time of removal.  The Court stated, "the

limitation on removal in section 1441(b) does not apply.  As held by the 'majority' of

5

federal courts, this Court must apply the statute as written and determine that Defendants properly removed this action and section 1441(b) does not provide a basis for remand." Id. at *3. See also, Taylor v. Cottrell, Inc., No. 4:09CV536HEA, 2009 WL 1657427, *2 (E.D.Mo. June 10, 2009)("The Missouri citizen, Auto Hauling Corp., was not served at the time of removal. Thus, the limitation on removal in section 1441(b) does not apply."). The Court recognizes that in Hinkle, the Court came to an opposite conclusion regarding unserved defendants. However, the issue was not dispositive in that case, as the forum defendant had already been joined and served.

The other argument that plaintiffs raise, lack of unanimity to consent, also hinges on the service of Tindall.

> Courts have interpreted § 1446 to impose a 'rule of unanimity' which requires all defendants who have been *served prior* to removal to join in the removal petition or clearly and unambiguously communicate to the court their consent to the removal within thirty days of service upon them. . . .It is well recognized that the consent of unserved defendants need not be obtained to effectuate removal.

Xgel Technology, LLC v. C.I. Kasei Co., Ltd., No. 4:09CV540RWS, 2009 WL 1576837, * 2 (E.D.Mo. June 3, 2009)(internal citations omitted). In the instant case, because defendant Tindall had not been served with the Amended Complaint at the time of removal, his consent to the removal was not required.

6

**IV. CONCLUSION**

Accordingly, for the reasons stated above, the Court hereby **DENIES** plaintiffs'

Motion to Remand (Doc. # 6).


Date:   11/30/09                                    **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                              Fernando J.   Gaitan, Jr.
                                                   Chief United States District Judge