# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ROBERT WALLACE and<br>PATTY JO WALLACE,<br><br>      Plaintiffs,<br><br>v.<br><br>LAMONT E. TINDALL,<br>WERNER ENTERPRISES, INC.<br>d/b/a WERNER ENTERPRISES, and<br>NORTHLAND INSURANCE COMPANY,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) No. 09-00775-CV-W-FJG<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# ORDER

Currently pending before the Court is plaintiffs' Motion to Reconsider (Doc. # 20).

## I. BACKGROUND

Plaintiffs initially filed their petition in the Circuit Court of Jackson County, Missouri on July 2, 2009. In their initial petition, plaintiffs named only Lamont E. Tindall as a defendant. Tindall was served with the original petition on July 27, 2009. On August 12, 2009, plaintiffs filed their first amended petition, naming as additional defendants, Werner Enterprises Inc. ("Werner") and Northland Insurance Company ("Northland"). Werner was served with a copy of the Amended Petition on August 20, 2009. Northland was served with a copy of the Amended Petition on August 26, 2009. Defendant Tindall was *not* served with a copy of the Amended Petition. Werner filed a Notice of Removal on September 24, 2009. Northland filed its Notice of Consent to the Removal on September 25, 2009. Plaintiffs filed a Motion to Remand on September 30,

2009. On November 30, 2009, this Court entered an Order denying plaintiffs' Motion to Remand. Plaintiffs served defendant Tindall with a copy of the First Amended Petition on December 21, 2009 and filed the instant Motion for Reconsideration on December 30, 2009. Tindall filed his Consent and Joinder in Removal on January 15, 2010.

## II. STANDARD

There is no specific rule which references Motions to Reconsider in the Federal Rules of Civil Procedure. "However, the Eighth Circuit Court of Appeals has determined that motions for reconsideration are nothing more than Rule 60(b) motions when directed at non-final orders." Wichmann v. Proctor & Gamble Manufacturing, No. 4:06CV1457 HEA, 2007 WL 735017, *1 (E.D.Mo. Mar. 8, 2007)(internal citations and quotations omitted). Similarly, in In re Genetically Modified Rice Litigation, No. 4:06MD1811 CDP, 4:07CV416 CDP, 2008 WL 80663 (E.D.Mo. Jan. 7, 2008), the Court stated:

> In this circuit, motions for reconsideration are construed as Rule 60(b) motions. Broadway v. Norris, 193 F.3d 987, 989 (8th Cir. 1999). Rule 60(b) motions should not be granted as a result of reargument of the merits but must be based on the circumstances enumerated in the Rule. Id. These circumstances include: mistake, inadvertence, surprise, excusable neglect, newly discovered evidence that could not have been discovered with reasonable diligence, fraud, the judgment being void, and satisfaction, release, or discharge of the judgment. Fed.R.Civ.P. 60(b). In this Circuit, relief for judicial error under Rule 60(b)(1) - the section dealing with mistake- is only available for judicial inadvertence. Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 460-61 (8th Cir. 2000).

Id. at *1.

## III. DISCUSSION

In their Motion for Reconsideration, plaintiffs do not cite any provision of the Federal Rules of Civil Procedure nor do they state any reason under Rule 60(b) for seeking reconsideration. Rather, most of the arguments presented in the motion were raised in the Motion to Remand and are simply reasserted in the Motion to Reconsider. The only new argument plaintiffs raise is that because Lamont Tindall has now been served, the Court lacks jurisdiction and should remand the case. However, this argument has been squarely rejected by other courts. In <u>Johnson v. Precision Automotive</u>, No. 4:07CV1695 CDP, 2008 WL 1349212, (E.D.Mo. Apr. 8, 2008), the Court stated, "[r]emoval was proper under § 1441(b) because the forum defendants were not properly joined *and served* at the time of removal. Service of the forum defendants after the removal did not deprive the court of removal jurisdiction, and plaintiffs' reliance on cases involving service that destroys diversity is misplaced." <u>Id</u>. at *1. Additionally, defendants state that when Tindall filed his Answer on January 8, 2010, he stated that he was a resident of Kansas. So, even if plaintiffs argument were true, defendant Tindall is no longer a forum defendant. Plaintiffs also argue that in the Eighth Circuit, the forum defendant rule is considered a jurisdictional issue. Plaintiffs argue that to put undue emphasis on the phrase "and served" is to exalt form over substance.

The Court disagrees. In <u>Johnson v. Precision Airmotive, LLC</u>, No. 4:07CV1695, 2007 WL 4289656 (E.D.Mo. Dec. 4, 2007), the Court noted that the plaintiffs had also raised the argument that 28 U.S.C. § 1441(b) was jurisdictional and the presence of the Missouri defendants in the case prevented removal regardless of the fact that those defendants had not been served. The Court in <u>Johnson</u> disagreed stating:

the presence of Missouri defendants in this case does not defeat diversity.
Plaintiffs and defendants are diverse from one another regardless of the presence of Missouri defendants. The . . . jurisdictional nature of § 1441(b) [has] no bearing on the propriety of removal here. Diversity jurisdiction in this case is proper because complete diversity exists. Removal of this case is proper because the Missouri defendants had not been served. The "service issue" and the "diversity of parties" issue are separate.

Id. at *5. Similarly, in the instant case, complete diversity also exists between the parties. Werner Enterprises is a Nebraska corporation, with its principal place of business in Nebraska. Northland Insurance Company is a Minnesota corporation. Tindall is a Kansas resident and plaintiffs are residents of Washington state. Removal of the case was proper because even though Tindall might have been a Missouri resident at the time of removal, he had not been served with the Amended petition. Courts have stated that 28 U.S.C. § 1441(b) must be applied as written and not as the plaintiffs would like the statute to read. Because the statute states "properly joined and served" this is how it must be applied. See Brake v. Reser's Fine Foods, Inc., No. 4:08CV1879JCH, 2009 WL 213013 (E.D.Mo. Jan. 28, 2009).

## IV. CONCLUSION

Accordingly, for the reasons stated above, the Court finds that its initial decision denying plaintiffs' Motion to Remand was correct. The Court therefore **DENIES** plaintiffs' Motion for Reconsideration (Doc. # 20).

Date:  04/13/10  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge

4