# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ROBERT WALLACE and <br> PATTY JO WALLACE, <br> <br> Plaintiffs, <br> <br> v. <br> <br> LAMONT E. TINDALL, <br> WERNER ENTERPRISES, INC. <br> d/b/a WERNER ENTERPRISES, and <br> NORTHLAND INSURANCE COMPANY, <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 09-00775-CV-W-FJG <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

# ORDER

The parties have submitted to the Court memorandums relating to a discovery dispute. Plaintiffs requested that defendant Northland produce: "Statements of individuals regarding the collision or Plaintiff's injuries." Defendants object to this request because it seeks information protected by the work product doctrine. Defendant Northland Insurance provided a privilege log as part of its response. The log indicated that a statement had been obtained from defendant Lamont Tindall a few days after the accident.

## I. BACKGROUND

Plaintiffs' petition arises out of an accident involving two tractor trailers. Plaintiff Robert Wallace, alleges in his petition that he was driving north on Interstate 55. Defendant Tindall was also driving north on Interstate 55, but was behind Wallace. While driving, Wallace observed a vehicle in front of him slam on its brakes. In order to

avoid striking the vehicle, plaintiff maneuvered his tractor trailer into the median. As plaintiff was doing so, defendant Tindall crashed into the rear of Wallace's tractor trailer. Plaintiffs' Amended petition alleges negligence and negligence per se against defendant Tindall. Plaintiff also alleges Negligence against Werner, Negligent Hiring, Training, Supervising & Retaining against Werner and Negligence Per Se against Werner. Finally, plaintiffs allege failure to Provide Uninsured Motorist Benefits against Northland and loss of consortium by Patty Wallace against all defendants. Defendant Tindall is a resident of Missouri. Werner Enterprises is a Nebraska corporation, with its principal place of business in Nebraska. Defendant Northland Insurance Company is a Minnesota corporation.

## II. STANDARD

The work product privilege is not a substantive privilege, therefore federal law applies. McConnell v. Farmers Insurance Company, Inc., No. 07-4180-CV-C-NKL, 2008 WL 510392, *2 (W.D.Mo. Feb. 25, 2008); Pepsico, Inc. v. Baird, Kurtz & Dobson LLP, 305 F.3d 813, 817 (8th Cir. 2002).

> In order to prevail on [a] claim that the statements in question are not protected by the work product rule, plaintiff must show that the materials were 1) not prepared in anticipation of litigation or for trial, or 2) a substantial need exists for the materials in question, in conjunction with plaintiff's inability to obtain the substantial equivalent of the materials by other means. Rule 26(b)(3), Federal Rules of Civil Procedure.

Fontaine v. Sunflower Beef Carrier, Inc., 87 F.R.D. 89, 91 (E.D.Mo. 1980)

## III. DISCUSSION

Plaintiffs argue that this statement is not protected by the work product doctrine because it was not prepared in anticipation of litigation and that the defendants only took the statement of Tindall in the ordinary course of business before the lawsuit was

even filed. Plaintiffs also argue that as an insured, Wallace has a right to his claim file. Finally, plaintiffs argue that they have a substantial need for the statement because they have been unable to secure a statement from Tindall and that at this point, too much time has elapsed to make any statement valuable.

Northland argues that the claim file does not belong to Wallace because Northland is not adjusting a claim made against Wallace. Northland also argues that plaintiffs have not shown a substantial need for the statement. Northland notes that Tindall is a defendant in this action and plaintiffs are free to depose him. Northland argues that simply because time has passed since the accident does not suffice to show substantial need. Werner states that just because the lawsuit had not been filed at the time the statement was taken does not mean that the statement was not prepared in anticipation of litigation. Werner also notes that the prospect of litigation existed at the time that Northland was notified that plaintiff might be filing a claim against the uninsured motorist policy and thus the statement is protected by the work product doctrine.

In Fontaine v. Sunflower Beef Carrier, Inc., 87 F.R.D. 89 (E.D.Mo. 1980), the plaintiff was attempting to obtain statements made by defendant's driver to defendant's safety director, insurer, and investigator. The statements were made on the date of the accident or shortly thereafter. In that case the Court found that the statements were taken in anticipation of litigation, even though no suit had been filed because it was apparent who the plaintiff would be and what claims would be made. The Court noted that "the anticipation of the filing of a claim is undeniable once an accident has occurred and a person injured or property damaged." Id. at 92 (internal citation omitted). The

Court then proceeded to consider whether plaintiff had shown a substantial need for the statements. The Court determined that plaintiffs must show more than the fact that the statement was taken at or near the time of the accident.

> It is equally settled, however, that mere speculation or hope that the requested statement may prove to be contradictory or impeaching is not sufficient to overcome the limited privilege applicable to trial preparation materials. . . . In balancing these conflicting considerations, this Court concludes that it is necessary for plaintiff to show more than the mere contemporaneousness of the requested statements."

Id. at 93 (internal citations omitted).

Similarly, in Schipp v. General Motors Corp., 457 F.Supp.2d 917 (E.D.Ark. 2006), General Motors sought to obtain a recorded statement of a driver involved in a fatal accident, a summary of the statement, an investigation report prepared by the insurance adjustor and witness statements obtained by the driver's insurance carrier. The Court found that the driver's recorded statement given to her insurer was protected by the attorney-client privilege. With regard to the summary of the statement and the investigation report of the insurance adjustor, the Court found that these documents were prepared in anticipation of litigation because it was obvious on the date of the accident that claims would be made against the driver, as it was her vehicle that crossed the median and struck oncoming traffic. Id. at 923. Additionally, the Court noted that General Motors had not shown a substantial need for the documents, because it could depose the eye witnesses to the accident, including the driver. The Court stated:

> GM's desire to obtain immediate factual observations unmarred by the passage of time does not rise to the level of substantial need imposed by Rule 26. In short, documents prepared by [the driver's] insurer, on the facts of this case, are protected by the work-product doctrine because they were prepared in anticipation of litigation and because GM has failed

to demonstrate a substantial need for them.

Id. at 924 (internal quotations omitted).

In the instant case, it would have been obvious shortly after the accident that claims would be asserted by one or more parties. Thus, Northland was certainly aware that litigation was a possibility when it took the statement of Lamont Tindall a few days after the accident. The Court therefore finds that the statement was taken in anticipation of litigation. Additionally, the Court finds that plaintiffs have not shown a substantial need for the statement. Lamont Tindall is a defendant in the case and plaintiffs are free to take his deposition. As noted in the cases discussed above, simply because there was a statement which was taken earlier in time, does not suffice to show a "substantial need" for that statement. Accordingly, the Court hereby **SUSTAINS** defendants' objection to plaintiffs' request that defendant Northland produce the statement of Lamont Tindall.

Date:  06/18/10  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge